FILED

JAN 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL DEARING,

　　　　　Petitioner - Appellant,

v.

FRANK X. CHAVEZ,

　　　　　Respondent - Appellee.

No. 08-16983

D.C. No. 1:03-cv-05364-LJO-JMD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: HUG, D.W. NELSON, and McKEOWN, Circuit Judges.

Appellant Michael Dearing ("Dearing") appeals the denial of his petition for

a writ of habeas corpus stemming from his no contest plea to various counts of

sexual abuse of a child in California state court. Dearing received a certificate of

appealability on the question of whether his no contest plea was entered knowingly

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and voluntarily, when the trial court failed to advise him of the maximum punishment that could be imposed. Dearing also raises the uncertified issue of whether his no contest plea was invalid because he was not mentally competent to enter his plea. We have jurisdiction pursuant to 28 U.S.C. § 2253. Finding no reversible error on the certified question, we affirm. We conclude that reasonable jurists would not find Dearing's uncertified claim to be debatable and therefore decline to expand the certificate of appealability as to that claim.

It is undisputed that the state trial court failed to advise Dearing of his maximum possible sentence before accepting his no contest plea. The only sentence discussed on the record during the plea colloquy was an indeterminate 15-years-to-life sentence for one count. At sentencing, however, Dearing received a determinate 82-year sentence for several other counts in addition to the indeterminate sentence. Dearing maintains that the trial court's omission amounted to a constitutional error. We disagree. Although a trial court has a constitutional obligation to obtain an affirmative waiver of the right against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers, *see Boykin v. Alabama*, 395 U.S. 238, 243 (1969), no Supreme Court case mandates that the trial court itself must notify a defendant of his maximum possible sentence before accepting a plea. The state court therefore did

-2-

not err in applying California state precedent, which requires that a plea be set aside under these circumstances only where prejudice is demonstrated. Dearing failed to establish prejudice here because he pleaded no contest for the express purpose of sparing the victim from testifying at trial. Additionally, the record strongly supports the conclusion that Dearing had personal knowledge of the sentencing consequences. His trial counsel "recall[ed] specifically discussing the sentence ranges on the[] particular charges with Mr. Dearing."

The court's determination was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**